IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| GREGORY MILLER | : | NO. 09-247 |

MEMORANDUM

McLaughlin, J.                                                November 3, 2009

Gregory Miller has been charged by indictment with possession with intent to distribute five grams or more of cocaine base and possession of a firearm in furtherance of a drug trafficking crime. He has moved to suppress physical evidence and statements. The Court held an evidentiary hearing on October 14, 2009. The Court will deny the motion.

I. Findings of Fact

Police Officer Alton Alston first saw the defendant on the corner of 65th & Greenway at around 10:49 P.M. on November 18, 2008. The officer was in full uniform in the passenger seat of a patrol car that was going northbound on 65th Street. Prior to November 18, 2008, Officer Alston had responded to radio calls at 65th & Greenway for robberies, assaults, persons with guns, and open air drug sales.

When Officer Alston first saw the defendant, Mr. Miller was walking back and forth on the corner. The officer observed

another male walk up to the defendant. They touched hands. Officer Alston did not see any drugs exchanged or any currency exchanged in these hand-to-hand motions. But the motions made him suspicious because he knows that there are a lot of open air drug sales in that area. The other person looked at the police and then walked around the corner. The defendant continued to walk back and forth on the corner, even though it was cold. Officer Alston watched the defendant for approximately 30 seconds as the police were cruising down the street.

The defendant then walked away from the corner. Officer Alston and his partner pulled over into the oncoming lane of traffic and got out of their vehicle. They wanted to find out why the defendant was out on the corner. Officer Alston yelled something to get the defendant's attention. The defendant grabbed his right side as he looked at the officer. Officer Alston suspected that Mr. Miller had a weapon on him because he reached for his right waistband. Officer Alston then raised his voice and yelled: "put your hands up." Mr. Miller put his hands up. Officer Alston told Mr. Miller to place his hands on an iron railing in front of some houses. While the defendant had his hands up, Officer Alston asked him if he had any weapons or drugs on his person. The defendant said, "yes." The officer asked where and the defendant said in my front pocket. The officer then asked again if he had a weapon on him and the defendant said

2

"yes.  It's on my right side."  Officer Alston's partner retrieved the weapon from the defendant's right side.

When Officer Alston told the defendant to put his hands up, he had his hand on his gun and was pointing his finger at the defendant.  The officer did not have his gun drawn.

The officers arrested the defendant for possession of the weapon and recovered six small baggies of white chunky substance from his right shirt pocket.  Police also recovered 54 small bags of crack cocaine from a small pocket inside the defendant's long john underwear.

There is a sports bar between Greenway and 65th.  There is also a corner store that is directly across the street from Frank's Sports Bar.  The 108 SEPTA bus line runs directly in front of the corner store.  There is a bus sign for the 108 bus near the corner.

The officer wrote down on police forms that loitering was the reason for the stop.  Loitering means that someone is hanging around a residence.  There is nothing in the 7548 about a second male. Nor does it say anything about any kind of hand motion.  One of the portions of the police form says "Describe fully what you observed."  The police responded:  "Above male was observed loitering on the corner of 65th & Greenway.  Above male was frisked due to the area being known for high drug sales and violence."

3

II. <u>Conclusions of Law</u>

The Court concludes that under the totality of the circumstances, the police had a reasonable suspicion under <u>Terry v. Ohio</u>, 392 U.S. 1 (1968), to stop the defendant. The police saw the defendant at night in a high crime area standing on a corner touching hands with another man. Although the police did not see any money or drugs exchanged, it was reasonable for them to suspect that a drug transaction may have taken place. When Officer Alston called the defendant (Officer Alston could not recall what he initially said to the defendant), Mr. Miller put his hand on his right side, increasing the basis for suspicion that he may have a weapon. The police were reasonably concerned for their safety. It was, therefore, proper for them to tell the defendant to put up his hands and to ask if he had any weapons or drugs on his person. Once the defendant said yes, there was not just reasonable suspicion to frisk but probable cause to search the defendant. The police then recovered the gun and the drugs from the defendant's pocket.

An appropriate order will be issued separately.